## Dillion, et al. v. Dillion, et al.

(Decided June 24, 1927.)

### Appeal from Lincoln Circuit Court.

Adverse Possession.—Where one in possession of land amicable in its origin soon thereafter renounced any contract existing between him and his brother relative thereto, and thereafter continued in actual, open, and notorious possession, claiming land adversely to title holders for a period of more than 15 years, he was entitled to ownership thereof.

WILLIAM LEWIS & SON for appellants.

J. P. CUSICK and J. B. PAXTON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This action involves the title to 13 acres of land near Crab Orchard in Lincoln county. In 1886 W. R. Dillion acquired title to 193 acres of land and in 1887 he placed his brother Ansil Dillion in possession of 13 acres of it and in 1888 he sold the remaining 180 acres.

Appellants claim that Ansil Dillion took possession of the land in controversy under an oral agreement that he was to pay the taxes and keep the improvements on the land in repair during his lifetime. Appellees deny that any such agreement was made, but claim that James Dillion, another brother of Ansil Dillion, furnished a part of the consideration that was paid for the 193 acres of land that was deeded to W. R. Dillion and that the 13 acres represented James Dillion's interest in the whole tract. They also claim that James Dillion placed Ansil Dillion in possession of the 13 acres of land and later gave it to him. James Dillion died in 1887. Ansil Dillion died in 1922, leaving surviving him his widow and three children. A few months thereafter this suit was instituted by W. R. Dillion against the widow and children of his deceased brother. W. R. Dillion died during the pendency of the suit in the lower court and by consent

of the parties it was revived in the names of his heirs at law.

In their answer the defendants alleged that they were the owners of the land and that they and Ansil Dillion, through whom they claim, had been for more than 15 years next preceding the filing of the suit in the actual, peaceable, exclusive, open, notorious, and continuous possession of the land, holding, occupying, and using it under claim and right of ownership adversely to the plaintiffs and all the world, and they relied on the statute of limitation in bar of this action. One paragraph of the answer was in the nature of a cross-petition, in which the defendants asked that the action be transferred to equity and that their title to the land be quieted. The action was transferred to equity by consent of the parties and the chancellor entered a judgment dismissing the plaintiffs' petition and granting the relief sought by the defendants.

A number of depositions were taken, but a large portion of the evidence was incompetent, much of it consisting of conversations and transactions by the decedent, Ansil Dillion, with interested parties. The competent evidence disclosed that Ansil Dillion claimed and treated the land as his own from a short time after he took possession of it until his death. He had dealings with a number of persons in regard to selling it and mortgaged it on two occasions, once more than 15 years before his death. It is shown that W. R. Dillion knew these facts. On March 11, 1904, he wrote a letter to his brother, which is in the record, in which he offered to pay Ansil Dillion for the improvements the latter had placed on the land. He admitted in this letter that he knew Ansil was claiming the land as his own. On December 7, 1905, he filed and had served on Ansil Dillion a notice to surrender possession of the property on July 1, 1906.

While the possession of Ansil Dillion appears to have been amicable in its origin, it is clear that soon after taking possession he renounced any contract that may have existed between him and his brother, and notice of this and of the fact that he was holding the land adversely and claiming it as his own, was brought home to the title holder, and the statute of limitation was then set in motion. Chambers v. Pleak, 6 Dana 426, 32 Am. Dec. 78; Rose v. Ware, 115 Ky. 420, 74 S. W. 188, 24 Ky. Law Rep. 2321; Tippenhauer v. Tippenhauer, 158 Ky. 639, 166 S. W. 225.

Having thereafter continued in the actual, open, and notorious possession of the land, claiming it adversely to the title holder for a period of more than 15 years, the court correctly adjudged that the appellees are the owners of the land.

Judgment affirmed.